# IN THE COURT OF APPEALS OF IOWA

No. 21-1520
Filed November 2, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CORY JARRETT BRACKIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Washington County, Daniel Kitchen,

District Associate Judge.


        Cory Brackin appeals his conviction for eluding while exceeding the speed

limit by twenty-five miles per hour. **AFFIRMED.**


        Theresa J. Seeberger of Seeberger Law, Iowa City, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., Tabor, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**TABOR, Judge.**

Motorcyclist Cory Brackin appeals his conviction for eluding in excess of twenty-five miles per hour over the speed limit. He contends the State failed to offer substantial evidence that he drove faster than fifty miles per hour in a twenty-five-mile-per-hour zone after the pursuing officer turned on both his lights and siren. Because the jury was entitled to believe the officer's testimony that he could gauge Brackin's speed, we affirm its verdict.

### I.      Facts and Prior Proceedings

On a November evening in 2020, police officer Ethan Hansen was on duty, wearing his police uniform and driving a marked patrol vehicle. According to the officer's testimony, he was walking out of the Washington County courthouse when he saw Brackin driving by on his motorcycle. From a previous encounter, Officer Hansen knew Brackin had a suspended driver's license. The two men "locked eyes" as Brackin stopped at a stop sign just past the courthouse.

Officer Hansen entered his patrol car, turned around to follow Brackin, and switched on his red-and-blue emergency lights to initiate a stop. Ignoring the lights, Brackin ran through a stop sign one block later, turned left, and continued driving at a fast clip. When Officer Hansen turned left to pursue Brackin, Brackin was about one and one-half blocks ahead.

Officer Hansen activated his siren "roughly three to four blocks" after turning left, but Brackin continued driving straight ahead. Officer Hansen had trouble catching up to Brackin, and at one point the officer's speedometer showed he was travelling sixty to sixty-five miles per hour. Brackin eventually stopped approximately thirteen blocks—or one mile—after his left turn. The speed limit

throughout the pursuit was twenty-five miles per hour. Officer Hansen arrested Brackin for eluding while exceeding the speed limit by twenty-five miles per hour. A jury convicted Brackin on that offense. He now appeals his conviction, arguing it was not supported by sufficient evidence.

## II.      Scope and Standard of Review

We review a sufficiency-of-the-evidence challenge for the correction of legal error. *State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021). "We will affirm the jury's verdict when the verdict is supported by substantial evidence." *Id.* "Evidence is substantial when the quantum and quality of evidence is sufficient to 'convince a rational fact finder that the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *State v. Webb*, 648 N.W.2d 72, 75–76 (Iowa 2002)). We consider "the evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *Id.*

## III.      Analysis

The State charged Brackin under Iowa Code section 321.279(2)(a) (2020), which states a driver commits eluding:

> if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal . . . and in doing so exceeds the speed limit by twenty-five miles per hour or more.

*See State v. Bedwell*, 417 N.W.2d 66, 70 (Iowa 1987) (holding that to prove eluding, "it was necessary for the State to show that defendant was driving in excess of twenty-five miles per hour over the posted speed limit in seeking to evade the pursuing vehicle").

To prove Brackin's speed, the State offered this testimony from the pursuing officer:

> I would estimate a speed range from sixty to seventy miles per hour. I didn't clock his speed using my radar, but looking down at my speedometer during the pursuit, I was going from the range of sixty to sixty-five miles an hour and still was struggling to catch up to the vehicle to—to the motorcycle.

Brackin contends Officer Hansen did not testify if he checked his speedometer before or after activating his siren. *See* Iowa Code § 321.279(2)(a) (requiring officer to give both a visual and audible signal as an element of eluding). Brackin also points to the relatively short pursuit (about one mile after his left turn), and asserts that "common sense" dictates that he would not have had enough to time to accelerate to at least fifty miles per hour and then decelerate to a stop. On that basis, he argues the officer's testimony is insufficient to support his conviction.[1]

But Officer Hansen's testimony is much like the testimony found sufficient in *Bedwell*, 417 N.W.2d at 70. There, the officer pursued the driver for about six-tenths of one mile. *Bedwell*, 417 N.W.2d at 70. The officer testified he "didn't get a steady pace" behind the driver but his speed "was well in excess of [twenty-five miles per hour over the speed limit] . . . just keeping pace with him." *Id.* Similarly, Officer Hansen was not able to determine Brackin's exact speed. But as he followed Brackin, the officer determined he must have been driving well in excess

---

[1] Brackin also mentions that "there was no testimony by the officer that he conducted any calibrations to test the accuracy of his speedometer prior to his shift." Our court has found that pacing is an adequate means to determine speed, even if the officer has not calibrated their speedometer. *State v. Sorenson,* No. 14-1101, 2016 WL 718984, at *1, *2 (Iowa Ct. App. Feb. 24, 2016).

of twenty-five miles per hour over the limit based on the officer's speed. Furthermore, we find no inference in the evidence that Brackin drove slower after the first three or four blocks past his left turn, so Officer Hansen's slight delay in activating his siren does not affect the sufficiency of the evidence.

Officer Hansen's body camera video also supports the eluding charge. After his arrest, Brackin berates the officers for stopping him and is otherwise talkative. But he never disputes Officer Hansen's statement that he was "doing sixty down a city street." In fact, Brackin told another officer, "I panicked. . . . I was told by a police officer that if I go over thirty-five you can't pursue me. That's the first thing that popped in my head. When I got to thinking, I stopped." The jury could have found that statement revealed Brackin's aim to drive at least thirty-five miles per hour over the limit in hopes that police would end the pursuit, before Brackin rethought that plan. While Brackin testified that was not his intent, we draw all reasonable inferences in favor of the verdict in sufficiency-of-the-evidence review. *See Lacey*, 968 N.W.2d at 800.

Viewing Officer Hansen's testimony and Brackin's statements on the body camera video in the light most favorable to the State, the record is sufficient to find Brackin eluded Officer Hansen by at least twenty-five miles per hour over the speed limit after Officer Hansen activated his emergency lights and siren. We thus affirm Brackin's conviction for eluding under section 321.279(2)(a).

**AFFIRMED.**